IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE FRATERNAL ORDER OF POLICE, et al.** | : | CASE NO. 25-CV-01269 |
| | : | |
| | : | **JUDGE SARAH D. MORRISON** |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| **THE CITY OF WHITEHALL, et al.** | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT CHIEF MIKE CRISPEN
TO PLAINTIFFS' COMPLAINT**

For his Answer to Plaintiffs' Complaint, Defendant Chief Mike Crispen states as set forth below:

**FIRST DEFENSE**

For his First Defense, Defendant responds to the numbered paragraphs of Plaintiffs' Complaint, in like-numbered paragraphs, as well as to the preamble as follows:

Chief Crispen denies the City Attorney's statement and further answers that the citation is not an accurate statement of current law.

**Preliminary Statement:**

Denies for want of knowledge. Further denies that any harm could occur.

1. Paragraph 1 is a legal conclusion to which no response is required. To the extent that Paragraph 1 could be construed to assert facts, those facts are denied.

2. Paragraph 2 is a legal conclusion to which no response is required. To the extent that Paragraph 2 could be construed to assert facts, those facts are denied.

3. Paragraph 3 is a legal conclusion to which no response is required. To the extent that Paragraph 3 could be construed to assert facts, those facts are denied.

1

4. Paragraph 4 is a legal conclusion to which no response is required. To the extent that Paragraph 4 could be construed to assert facts, those facts are denied.

5. Paragraph 5 is a legal conclusion to which no response is required. To the extent that Paragraph 5 could be construed to assert facts, those facts are denied.

6. Denies for want of knowledge.

7. Denies for want of knowledge.

8. Denies for want of knowledge.

9. Denies.

10. Denies for want of knowledge.

11. Denies for want of knowledge.

12. Denies for want of knowledge.

13. Denies for want of knowledge.

14. Denies for want of knowledge.

15. Denies for want of knowledge.

16. Denies for want of knowledge.

17. Denies.

18. Denies for want of knowledge.

19. Denies.

20. Denies for want of knowledge.

21. Admits.

22. Denies for want of knowledge.

23. Denies for want of knowledge.

24. Denies for want of knowledge.

25. Admits.

26. Denies for want of knowledge.

27. Denies for want of knowledge.

28. Denies for want of knowledge.

29. The email speaks for itself. To the extent that Paragraph 29 is inconsistent with the terms of the email, Paragraph 29 is denied.

30. Chief Crispen's email speaks for itself. To the extent that Paragraph 30 is inconsistent with the terms of that email, Paragraph 30 is denied.

31. Plaintiff Steel's email speaks for itself. To the extent that Paragraph 31 is inconsistent with the terms of that email, Paragraph 31 is denied.

32. Denies for want of knowledge.

33. Denies.

34. Paragraph 34 is unclear as to whether it is asserting that an email said something or that an event occurred. It is thus denied for lack of clarity.

35. Denies for want of knowledge.

36. Denies for want of knowledge.

37. Denies for want of knowledge.

38. Denies for want of knowledge.

39. Denies for want of knowledge.

40. Denies for want of knowledge.

41. Denies for want of knowledge.

42. Denies for want of knowledge.

43. Denies for want of knowledge.

44. Denies for want of knowledge.

45. Denies for want of knowledge.

46. Denies for want of knowledge.

47. Denies for want of knowledge.

48. Denies for want of knowledge.

49. Denies for want of knowledge.

50. Denies for want of knowledge.

51. Denies for want of knowledge.

52. Denies for want of knowledge.

53. Denies for want of knowledge.

54. Denies for want of knowledge.

55. Denies.

56. Denies for want of knowledge.

57. Denies for want of knowledge.

58. Denies for want of knowledge.

59. Denies for want of knowledge.

60. Denies for want of knowledge.

61. Denies for want of knowledge.

62. Denies for want of knowledge.

63. Denies for want of knowledge.

64. Denies for want of knowledge.

65. Denies for want of knowledge.

66. Denies for want of knowledge.

67. Denies for want of knowledge.

68. Denies for want of knowledge.

69. Denies for want of knowledge.

70. Denies for want of knowledge.

71. Denies for want of knowledge.

72. Denies for want of knowledge.

73. Denies for want of knowledge.

74. Denies for want of knowledge.

75. Denies for want of knowledge.

76. Denies for want of knowledge.

77. Denies for want of knowledge.

78. Denies for want of knowledge.

79. Denies.

80. Denies.

81. Denies for want of knowledge.

82. Denies for want of knowledge.

83. Denies for want of knowledge.

84. Denies for want of knowledge.

85. Denies for want of knowledge.

86. Denies for want of knowledge.

87. Denies for want of knowledge.

88. Defendant incorporates Paragraphs 1 through 87, above, as if fully rewritten herein.

89. Denies.

90. Denies.

91. Denies.

92. Denies.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses in response to Plaintiffs' claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.

1. Defendant incorporates the preceding paragraphs as if fully rewritten herein.

2. Plaintiffs' claims are barred by expiration of the applicable statute of limitations.

3. Plaintiffs' claims are barred by the expiration of the statute of repose.

4. Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to this Defendant.

5. Any alleged injury or damage sustained by Plaintiffs resulted from acts and/or omissions of other entities or individuals to whom and for whom this Defendant is not responsible or liable.

6. Plaintiffs' claims are barred by the doctrines of estoppel, waiver, release, and/or unclean hands.

7. The Complaint is barred, in whole or in part, because Plaintiffs failed to join necessary and indispensable parties.

8. The Complaint is barred due to lack of subject matter jurisdiction.

9. Any alleged injury or alleged damages sustained by Plaintiffs was directly and proximately caused by circumstances and events over which this Defendant had no control.

10. Plaintiffs' claims are barred to the extent they seek to impose liability on this Defendant for the conduct of third parties and/or Plaintiffs' conduct.

11. Plaintiffs have failed to state a claim that entitles them to punitive damages and/or attorneys' fees.

12. There was no action or inaction by this Defendant with the intent required to impose punitive damages and/or attorneys' fees.

13. All actions taken by Defendant were made in good faith and protected by the professional judgment rule under Ohio law.

14. Plaintiffs' Complaint is frivolous as defined by Ohio Revised Code § 2323.51, entitling Defendant to payment of fees and costs incurred, sanctions and/or liquidated damages, and other relief as deemed appropriate by the Court.

15. Plaintiffs' Complaint was filed without good faith as required by Ohio Civ.R. 11, entitling Defendant to payment of fees and costs incurred herein, sanctions and/or liquidated damages, and other relief as deemed appropriate by the Court.

16. Plaintiffs bring this action for improper ulterior purposes.

17. Some or all of the claims set forth in Plaintiffs' Complaint filed herein are barred by an intervening and/or superseding cause, thereby relieving Defendant of any and all responsibility.

18. The damages sustained by Plaintiffs, if any, were the direct and proximate result of the liability of other persons and/or parties and/or entities, other than Defendant and, as a result thereof, the right of recovery of the Plaintiffs against Defendant must be diminished in whole or in part accordingly.

19. In the event Defendant is found negligent, such liability denied, Defendant is liable only for his proportionate share of Plaintiffs' alleged damages per R.C. § 2307.22, *et seq*.

20. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq.*

21. Any allocation of liability must include the fault of non-parties per R.C. §2307.23, *et seq*.

22. Plaintiffs lack standing and/or capacity to bring these claims because there is no damage to Plaintiffs in their capacity as a labor union, and they cannot bring claims for other claimants and beneficiaries.

23. Plaintiffs lack standing and/or capacity to bring claims on behalf of union members, bargaining units, or other beneficiaries.

24. Plaintiffs lack standing and/or capacity to bring any claims where there was no attorney-client relationship with Plaintiffs.

25. Plaintiffs' claims are barred by res judicata.

26. Plaintiffs' claims are barred under the doctrines of collateral estoppel, and/or judicial estoppel, and/or promissory, and/or equitable estoppel.

27. Defendant gives notice that he intends to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserves the right to amend this Answer to assert such defense or defenses.

28. The Complaint is barred by the terms of the Labor Agreement, its Arbitration provision, its requirement to arbitrate this matter and/or other areas of state labor law.

29. These claims are preempted by the terms of the Labor Agreement and other terms of state labor law.

30. Defendant enjoys qualified and/or absolute immunity, including statutory immunity under R.C. § 2307.22, *et seq.*, and/or privilege in this case

31. Defendant's actions are protected by a qualified and/or absolute privilege. This Defendant has judicial immunity, qualified immunity, absolute immunity, a qualified privilege and/or absolute privilege which bars Plaintiff's action.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Defendant Chief Mike Crispen respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice and that he be awarded costs and attorneys' fees, sanctions and/or liquidated damages for the frivolous nature of the action, as well as any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: 614-228-1311 | Fax: 614-232-2410
pkasson@reminger.com
*Counsel for Defendant Chief Mike Crispen*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed and served upon all counsel of record by operation of this court's CM/ECF filing system and/or via email upon all counsel of record this 30th day of December, 2025.

*/s/ Patrick Kasson*
Patrick Kasson (0055570)