**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| THE FRATERNAL ORDER OF POLICE, CAPITAL CITY LODGE #9, *et al.*, | : CASE NO.: 2:25-cv-01269 |
| Plaintiffs, | : JUDGE SARAH D. MORRISON |
| v. | : **ANSWER OF DEFENDANT THE CITY OF WHITEHALL TO PLAINTIFFS' COMPLAINT** |
| THE CITY OF WHITEHALL, *et al.*, | |
| Defendants. | : **JURY DEMAND ENDORSED HEREON** |

Now comes Defendant, the City of Whitehall ("Defendant") by and through counsel, for their Answer to Plaintiffs' Complaint and states as follows:

**PRELIMINARY STATEMENT**

1. Defendant denies the preliminary statement as written.

**JURISDICTION AND VENUE**

2. Answering Paragraphs 1, 2, 3, 4, and 5, Defendant states that the allegations are statements of law to which no response is required. To the extent the allegations allege facts or imply wrongdoing by Defendant it denies the same.

**PARTIES**

3. Answering Paragraphs 6 and 7, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

4. Answering Paragraph 8, Defendant admits that the City of Whitehall is a political subdivision of the State of Ohio pursuant to Chapter 2744 of the Ohio Revised Code and that it is the employer of Chief Crispen. Defendant denies the remaining allegations as written.

5. Answering Paragraph 9, Defendant admits that Defendant Mike Crispen ("Defendant Crispen") is the Chief of Police for the City of Whitehall. Answering the remaining allegations contained therein, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

6. Answering Paragraph 10, Defendant admits that Defendant Michael Bivens ("Defendant Bivens") was elected as the Mayor of the City of Whitehall. Answering the remaining allegations contained therein, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

**FACTS**

7. Answering Paragraphs 11, 12, 13, 14, 15, 16, 17, and 18, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

8. Answering Paragraph 19, Defendant admits that Plaintiff Steel publicly spoke about quota systems. Answering the remaining allegations contained therein, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

9. Answering Paragraph 19(a), Defendant admits that Plaintiff Steel has attended Whitehall City Council Meetings in the past and spoken about numerous matters, including quota systems. Answering the remaining allegations contained therein, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

10. Answering Paragraph 19(b), Defendant admits that Plaintiff Steel has communicated directly with members of City Council, including by email. Answering the

2

remaining allegations contained therein, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

11. Answering Paragraph 19(c), Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

12. Answering Paragraph 19(d), Defendant admits Plaintiff Steel testified before the Ohio General Assembly regarding a statute that would prohibit ticket and arrest quotas. Answering the remaining allegations contained therein, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

13. Answering Paragraph 19(e), Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

14. Answering Paragraph 19(f), Defendant admits the allegations contained therein.

15. Answering Paragraphs 20 and 21, Defendant admits the allegations contained therein.

16. Answering Paragraph 22, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

17. Answering Paragraph 23, Defendant admits that Plaintiffs Steel and the FOP—including its elected board members, grievance representatives and employees have used the City's email system but is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations and therefore denies the same.

18. Answering Paragraphs 24, 25 and 26, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations as written and therefore denies the same.

19. Answering Paragraph 27, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

20. Answering Paragraph 28, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

21. Answering Paragraph 29, Defendant states that the content of the email and attached letter speaks for itself and therefore deny the allegations therein as written.

22. Answering Paragraph 30, Defendant states that the content of the email speaks for itself and therefore denies the allegations therein as written.

23. Answering Paragraph 31, Defendant states that the content of the email speaks for itself and therefore denies the allegations therein as written.

24. Answering Paragraph 32, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

25. Answering Paragraph 33, Defendant states that the content of the email speaks for itself and therefore denies the allegations therein as written.

26. Answering Paragraph 34, Defendant states that the letter speaks for itself and therefore denies the allegations therein as written.

27. Answering Paragraph 35, Defendant states that it is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

28. Answering Paragraph 36, Defendant states that it is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

29. Answering Paragraphs 37 and 38, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

30. Answering Paragraph 39, Defendant admits the allegations contained therein.

31. Answering Paragraph 40, Defendant states that the audio and video recording speaks for itself. To the extent the allegation is inconsistent with the contents of those recordings, Defendant denies the allegations contained therein.

32. Answering Paragraph 41, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

33. Answering Paragraphs 42, 43, 44, 45, and 46, Defendant states that the audio/video recording speaks for itself. To the extent the allegations are inconsistent with the recording, Defendant denies the allegations as written.

34. Answering Paragraph 47, Defendant admits the allegations contained therein.

35. Answering Paragraphs 48, 49, 50, Defendant states that the audio/video recording speaks for itself. To the extent the allegations are inconsistent with the recording, Defendant denies the allegations as written.

36. Answering Paragraph 51, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

37. Answering Paragraphs 52, 53, and 54, Defendant states that the audio/video recording speaks for itself. To the extent the allegations are inconsistent with the recording, Defendant denies the allegations as written.

38. Paragraph 55 sets forth legal conclusions to which no response is required. To the extent Paragraph 55 contains factual allegations or implies wrongdoing, Defendant denies the same as written.

39. Answering Paragraphs 56, 57, 58, 59, 60, 61, and 62, Defendant states that the audio/video recording speaks for itself. To the extent the allegations are inconsistent with the recording, Defendant denies the allegations as written.

40. Answering Paragraph 63, Defendant admits the allegations contained therein.

41. Answering Paragraphs 64 and 65, Defendant states that the audio/video recording speaks for itself. To the extent the allegations are inconsistent with the recording, Defendant denies the allegations as written.

42. Answering Paragraph 66, Defendant admits that the Whitehall City Council held a regular meeting on October 28, 2025. Answering the remaining allegations contained therein, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

43. Answering Paragraphs 67, 68, 69, and 70, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

44. Answering Paragraph 71, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

45. Answering Paragraph 72, Defendant states that the audio/video recording speaks for itself. To the extent the allegations are inconsistent with the recording, Defendant denies the allegations as written.

46. Answering Paragraphs 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, and 85, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies the same.

47. Answering Paragraph 86, Defendant denies the allegations contained therein as written.

48. Answering Paragraph 87, Defendant denies the allegations contained therein.

## CAUSE OF ACTION

### VIOLATION OF FIRST AND FOURTEENTH AMENDMENT RIGHTS

49. In response to the allegations in Paragraph 88, Defendant incorporates their answers to Paragraphs 1-87 as if fully restated herein.

50. Answering Paragraphs 89 and 90, Defendant denies the allegations contained therein as written.

51. Answering Paragraphs 91 and 92, Defendant denies the allegations contained therein.

52. All other allegations of Plaintiffs' Complaint not otherwise specifically admitted or denied herein are denied.

### PRAYER FOR RELIEF

53. Responding to Plaintiffs' Prayer for Relief, Defendant denies that Plaintiffs are entitled to any such relief.

### ADDITIONAL DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. At all times, Defendant acted reasonably, lawfully, and in good faith.

3. Defendant states Plaintiffs have suffered no compensable damages as a result of any alleged actions by Defendant.

4. The injuries and damages allegedly sustained by Plaintiffs are the direct and proximate result of the independent actions third parties over whom Defendant had no control.

5. Plaintiffs failed to mitigate any damages they may have suffered, if any.

6. At all times, Defendant acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio statutory provisions, and all federal, state, and local laws relative thereto.

7. At no time material hereto did the Defendant act with deliberate indifference to the federally protected rights of Plaintiffs.

8. Some of Plaintiffs' claims may be barred by the statute of limitations, statute of repose, the doctrine of unclean hands, laches or lack of standing.

9. Plaintiffs' claims may be barred or preempted by the terms of the Labor Agreement.

10. Plaintiffs' claims may be barred by the doctrines of estoppel, issue preclusion, claim preclusion, res judicata, waiver, and/or mootness.

11. All actions taken by Defendant were in compliance with all laws, were conditionally, qualifiedly, and absolutely privileged. If, in fact, Defendant performed any wrongful acts, which are specifically denied, any alleged act or omission by it was done in good faith, and Defendant had reasonable grounds for believing that its conduct did not violate any federal or state statutory provisions.

12. No action by Defendant rose to the level of a constitutional violation.

13. At no time material hereto did there exist an unconstitutional policy, practice or custom on the part of Defendant.

14. Defendant gives notice that it intends to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that became available or apparent during the course of discovery or trial and hereby reserves the right to amend their Answer to Plaintiffs' Complaint to assert such defenses.

WHEREFORE, Defendant the City of Whitehall requests that this Court Dismiss Plaintiffs' Complaint with an Order that Defendants' attorney fees and costs be paid as provided under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER, CO., L.P.A.

/s/ *Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Taiylor L. Ryan (0105933)
8163 Old Yankee Street, Suite C
Dayton, OH 45458
(937) 222-2333
(937) 222-1970 (fax)
*Attorneys for Defendant the City of Whitehall*

## JURY DEMAND

The Defendant hereby demand a trial by jury on those claims to which they are entitled.

/s/ *Dawn M. Frick*
Dawn M. Frick (0069068)

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and/or their counsel of record.

/s/ *Dawn M. Frick*
Dawn M. Frick (0069068)